UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESTER DALE BLEVINS, JR., | § | |
| TDCJ-CID NO. 658311, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0239 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Chester Dale Blevins, Jr., a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. The Court will dismiss the pending petition because it is time-barred.

I.    PROCEDURAL HISTORY

In late November 2006, petitioner was convicted of theft in the 221st District Court of Montgomery County, Texas, in cause number 06-06-06323-CR. Punishment was assessed at nine years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) and petitioner filed a *pro se* brief. Texas Court website.[1] After conducting an independent review, the Thirteenth Court of Appeals for the State of Texas affirmed the judgment of the state district court in an unpublished opinion. *Blevins v. State*, No. 13-07-00036-CR (Tex. App.—Corpus Christi, August 7, 2008) (unpublished memorandum opinion). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so

---

[1] http://www.13thcoa.courts.state.tx.us/opinoins/HTMLOpinion.asp?OpinionID=17016

expired thirty days after the Thirteenth Court of Appeals for the State of Texas affirmed the judgment of the state district court. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about September 6, 2008. 28 U.S.C. § 2244(d)(1)(A). Petitioner indicates that he has not filed a state habeas application. (Docket Entry No.1).

Petitioner executed the pending petition for a federal writ of habeas corpus on January 18, 2010. (*Id.*). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds: (1) the evidence is insufficient to support his conviction; the (2) prosecution failed to disclose favorable evidence to the defense; (3) he was denied the effective assistance of counsel; and, (4) the conviction was obtained by a violation of the privilege against self-incrimination. (Docket Entry No.1).

## II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  This Court may therefore properly determine at the outset whether petitioner's petition is timely or not.  As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about September 6, 2008.  *See* 28 U.S.C. § 2244(d)(1)(A); Sᴜᴘ. Cᴛ. R. 13.1.  That date triggered the one-year limitations period which expired on September 6, 2009.

Petitioner's federal habeas corpus petition, filed on January 18, 2010, is therefore untimely and because he did not file a state habeas application, the tolling provisions found in § 2244(d)(2) do not apply.

In his response to the Court's Order of February 22, 2010, to address the limitations issue and equitable tolling, if applicable, petitioner argues that his petition is not time-barred because mandate did not issue in the state court until January 30, 2009.  (Docket Entry No.6).  The Fifth Circuit has held that a state conviction becomes final when the time for seeking direct review expires, regardless of when the state court issues its mandate.  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (finding if conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review).  In this case, petitioner's conviction became final on September 6, 2008, when the time for filing a petition for discretionary review expired.

Petitioner also contends that he is entitled to equitable tolling of the limitations period because on August 6, 2009, he sent his records to the Texas Board of Pardons and Paroles for consideration in a new program called Pardons for Innocence.  (Docket Entry No.6).  He claims he was informed on August 24, 2009, that he did not qualify for the program but the Parole Board did not return his records so that he could timely file the present petition.  (*Id.*).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'E]quity is not intended for those who sleep on their rights.'"  *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).  The petitioner bears the burden of establishing that equitable tolling is warranted.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

4

Petitioner does not explain why he did not seek state habeas relief before filing the present petition nor why he did not seek any type of post-conviction relief for eleven months of the limitations period. Therefore, he fails to show that he diligently pursued such relief. Accordingly, he fails to show that he is entitled to equitable tolling of the limitations period.

Petitioner has not shown that that he was subject to state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher,* 174 F.3d at 714. Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

5

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.   Therefore, a certificate of appealability from this decision will be denied.

IV.    CONCLUSION

Accordingly, the Court ORDERS the following:

1.    Petitioner's petition for writ of habeas corpus is DENIED.

2.    This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3.    A certificate of appealability is DENIED.

4.    All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 19th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE